UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
S. KATZMAN PRODUCE, INC. and
KATZMAN BERRY CORP.,                    Case No.   17-cv-9730 (LTS)

                     Plaintiffs,

                             **COMPLAINT**

   - against -

JAT BEVERAGE INC. t/a JAT PRODUCE,
STARLIGHT FOOD SERVICE INC.
t/a JAT PRODUCE, ARIEL L. TEJADA
and DANIEL E. TEJADA,

                    Defendants.
------------------------------------------------------------------X

       Plaintiffs S. Katzman Produce, Inc. and Katzman Berry Corp. (collectively, "Plaintiffs"),

by and through undersigned counsel, as and for their complaint against defendants JAT Beverage

Inc. t/a JAT Produce ("JAT Beverage"), Starlight Food Service Inc. t/a JAT Produce ("Starlight"),

Ariel E. Tejada ("A. Tejada") and Daniel E. Tejada ("D. Tejada") (JAT Beverage, Starlight, A.

Tejada and D. Tejada collectively, "Defendants"), allege as follows:

## JURISDICTION AND VENUE

     1.     Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities

Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

     2.     Venue in this district is based on 28 U.S.C. § 1391 in that some of the Defendants

reside in this district and a substantial part of the events giving rise to Plaintiffs' claims occurred in

this district.

## PARTIES

     3.     Plaintiff S. Katzman Produce, Inc. is a New York corporation with a principal place

of business in the Bronx, New York, engaged in the business of buying and selling wholesale

quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.      Plaintiff Katzman Berry Corp. is a New York corporation with a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

5.      Defendant JAT Beverage is a New York corporation, with its principal place of business in Flushing, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under PACA as a dealer.

6.      Defendant Starlight is a New York corporation, with its principal place of business in the Bronx, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under PACA as a dealer.

7.      Upon information and belief, defendant A. Tejada was an officer, director and/or shareholder of JAT Beverage and Starlight during the period of time in question who controlled the operations of both companies and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

8.      Upon information and belief, defendant D. Tejada was an officer, director and/or shareholder of JAT Beverage and Starlight during the period of time in question who controlled the operations of both companies and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

## GENERAL ALLEGATIONS

9.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

10.    Between August 8, 2017, and September 20, 2017, Plaintiffs sold and delivered to Defendants wholesale quantities of produce worth $200,947.00 that had been shipped in interstate commerce as follows:

| | |
|---|---|
| S. Katzman Produce, Inc.: | $177,341.00 |
| Katzman Berry Corp.: | $23,606.00 |

11.    Defendants have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiffs the aggregate principal amount of $200,947.00.

12.    At the time of receipt of the produce, Plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

13.    Plaintiffs preserved their respective interests in the PACA trust in the aggregate amount of $200,947.00 by issuing invoices to Defendants for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4).  Plaintiffs remain beneficiaries of the PACA trust until full payment is made for the produce.

14.    Defendants' failure, refusal, and inability to pay Plaintiffs demonstrate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Injunctive Relief)

15.    Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16.     Defendants' failure to make payment to Plaintiffs of trust funds in the aggregate amount of $200,947.00 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

17.     Pursuant to PACA and the prevailing cases, Plaintiffs are entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

18.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19.     Defendants received each of the produce shipments on which this action is based.

20.     Defendants are required to promptly tender to Plaintiffs full payment for those shipments pursuant to PACA.

21.     Defendants failed and refused to pay for the produce supplied by Plaintiffs within the payment terms agreed to between the Parties.

22.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the aggregate amount of $200,947.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT A. TEJADA
(Unlawful Dissipation of Trust Assets by a Corporate Official)

23.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

- 4 -

24.     Defendant A. Tejada is an officer, director and/or shareholder who operated JAT Beverage and Starlight during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

25.     Defendant A. Tejada failed to direct JAT Beverage and Starlight to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

26.     Defendant A. Tejada's failure to direct JAT Beverage and Starlight to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

27.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their respective rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT D. TEJADA**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

28.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 27 above as if fully set forth herein.

29.     Defendant D. Tejada is an officer, director and/or shareholder who operated JAT Beverage and Starlight during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

30.     Defendant D. Tejada failed to direct JAT Beverage and Starlight to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

31.     Defendant D. Tejada's failure to direct JAT Beverage and Starlight to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

32.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their respective rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay For Goods Sold)

33.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 32 above as if fully set forth herein.

34.     Defendants failed and refused to pay Plaintiffs the aggregate amount of $200,947.00 owed to Plaintiffs for goods received by Defendants from Plaintiffs.

35.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the aggregate amount of $200,947.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS JAT BEVERAGE AND STARLIGHT
(Breach of Contract)

36.     Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 35 above as if fully set forth herein.

37.     JAT Beverage and Starlight received Plaintiffs' invoices without objection on or about the dates indicated on the faces of the invoices.

38.     Plaintiffs' invoices to JAT Beverage and Starlight constitute valid and enforceable agreements between the Parties.

39.     JAT Beverage and Starlight breached the terms of the invoices by failing to timely remit payment for the goods they received from Plaintiffs.

40.     Plaintiffs have performed all of the duties, obligations and conditions precedent on their part to be performed under the invoices.

41.     As a direct and proximate result of the breach of contract by JAT Beverage and Starlight, Plaintiffs have suffered damages in the aggregate amount of $200,947.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**AGAINST DEFENDANTS JAT BEVERAGE AND STARLIGHT**
(Alter Ego)

42.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 41 above as if fully set forth herein.

43.     JAT Beverage and Starlight have the same principal offices.

44.     Upon information and belief, JAT Beverage and Starlight have the same or similar officers, directors and/or shareholders.

45.     Upon information and belief, the officers, directors and/or shareholders of JAT Beverage and Starlight do not act independently in the interest of those companies, but take direction from the principals or entities that have sufficient capitalization.

46.     Upon information and belief, JAT Beverage and Starlight pay the salaries, expenses or losses of the one another depending on which of the entities has available liquid assets.

47.     Upon information and belief, Defendants commingle corporate and personal funds.

48.     Upon information and belief, JAT Beverage and Starlight guaranty the debts of one another.

49.     Upon information and belief, JAT Beverage and Starlight pay the debts of one another.

50.     JAT Beverage and Starlight have grossly inadequate capital.

51.     Upon information and belief, the JAT Beverage and Starlight commingle corporate funds.

52.     JAT Beverage and, upon information and belief, Starlight, have failed to maintain the corporate formalities.

53.     JAT Beverage and Starlight have abused the corporate form to deprive Plaintiffs of the PACA trust funds to which they are entitled.

54.     JAT Beverage and Starlight are alter egos of one another, entitling Plaintiffs to recover the PACA debt, jointly and severally, from each of the corporate defendants.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

55.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 54 above as if fully set forth herein.

56.     PACA and Plaintiffs' invoices entitle Plaintiffs to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

57.     As a result of Defendants' continued failure to make full payment promptly in the amount of $200,947.00, Plaintiffs have been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiffs request the following relief:

A.     On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiffs,

and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties;

B.     On the second cause of action, judgment against all Defendants, jointly and severally, in the aggregate amount of $200,947.00 under the trust provisions of PACA;

C.     On the third cause of action, judgment against A. Tejada in the amount of $200,947.00 under the trust provisions of PACA;

D.     On the fourth cause of action, judgment against D. Tejada in the amount of $200,947.00 under the trust provisions of PACA;

E.     On the fifth cause of action, judgment against all Defendants, jointly and severally, in the amount of $200,947.00;

F.     On the sixth cause of action, judgment against JAT Beverage and Starlight, jointly and severally, in the amount of $200,947.00;

G.     On the seventh cause of action, a declaration that JAT Beverage and Starlight are alter egos of one another;

H.     On the eighth cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

I.     Such other and further relief as the Court deems just and proper.

Dated: October 13, 2017

Respectfully submitted,
McCARRON & DIESS
Attorneys for Plaintiffs

By: _____

Gregory Brown
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Phone:        (631) 425-8110
Fax:          (631) 425-8112
gbrown@mccarronlaw.com